IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEE F. GARVIN                )
                                   )
           Plaintiff,      )
                                   )
      v.               )     Civil No. 1:06-cv-1735-RBW
                                   )
UNITED STATES          )
                                   )
          Defendant.   )

<u>UNITED STATES' MOTION TO DISMISS</u>

The United States moves to dismiss this action. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: January 5, 2007                Respectfully submitted,

                                     <u>/s/ Nicole M. Stoduto</u>
                                     NICOLE M. STODUTO
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice
                                     Post Office Box 227
                                     Washington, DC 20044
                                     Telephone: (202) 616-9785
                                     Facsimile: (202) 514-6966
                                     Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEE F. GARVIN                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )        Civil No. 1:06-cv-1735-RBW
                                                 )
UNITED STATES                                    )
                                                 )
                    Defendant.                   )

<u>MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS</u>

        This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages

allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential

return information.   Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon

which relief can be granted.

QUESTIONS PRESENTED

        Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Plaintiff's unauthorized disclosure claim relates to a notice

of federal tax lien filed by the Service.  Can Plaintiff recover under 26 U.S.C. § 7431

when his claim is based on a collection action?

        Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative

remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1).  Plaintiff has failed to meet his burden with respect to this

requirement.  Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code.  26 U.S.C. § 6103.  Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens.  26 U.S.C. § 6103(k)(6).  Did the Service violate section 6103 in filing a notice of federal tax lien?

## STATEMENT OF FACTS

1. <u>Introduction</u>

On October 5, 2006, Plaintiff, acting *pro se*, filed his complaint.  Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint.  (Compl. ¶ 1.)

2. <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiff argues that he is the subject of ongoing, unauthorized collection action by the Service, and that Service agents caused a notice of federal tax lien to be recorded with the County Clerk of Oklahoma County, Oklahoma.  (<u>Id.</u> at ¶¶ 4, 5.)  Plaintiff alleges that the notice of federal tax lien wrongfully discloses tax return information, and that this disclosure caused Plaintiff substantial mental and emotional distress and subjected him to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 6, 7, 8.)

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive

damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. at ¶ 14.)

Attached to Plaintiff's complaint is a notice of federal tax lien, prepared and signed on May 16, 2002, and filed with the County Clerk, Oklahoma County, Oklahoma.  (Id. at ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has at least $15,911.13 in unpaid tax liabilities for the years 1996 and 1997.  (Id.)  The notice of federal tax lien identifies Plaintiff by name, address, and identifying number. (Id.)

3.  The prior action for "wrongful collection" under section 7433

Plaintiff has also filed a separate complaint against the United States under the authority of 26 U.S.C. § 7433.  Garvin v. United States, No. 05-1775 (D.D.C. filed Feb. 7, 2006).[1]  Plaintiff's section 7433 complaint alleges a variety of forms of misconduct by the Service and challenges the collection activity and validity of the assessments.  (Id.) Plaintiff's section 7433 complaint also alleges wrongful disclosure of return information, and seeks damages.  (Id.)  In that complaint, Plaintiff acknowledges that 26 U.S.C. § 7433 is his exclusive remedy.  (Id. at ¶ 25.)

Plaintiff's section 7433 complaint was dismissed on August 7, 2006.

---

[1]The United States asks that the Court take judicial notice of the information contained in this complaint.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction. See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts. See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004). The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the complaint. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II.  Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.  In fact, Plaintiff acknowledged this in his section 7433 complaint.  (No. 05-1775, Compl. ¶ 25.) Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  <u>Id.</u>  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  <u>Cf.</u> <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended

section 7431 to be an alternative or supplemental remedy to an action within the

purview of section 7433, Congress would have included section 7431 as an exception

along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54

(1992) ("We have stated time and again that courts must presume that a legislature says

in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that

Congress intended the statute to be the exclusive avenue of redress for all unauthorized

collection actions.  The legislative history provides that "an action brought under this

provision [section 7433] shall be the exclusive remedy for recovering damages resulting

from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of

any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988

U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v.

United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of

collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business.  Id.  Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).  This court recently affirmed the holding in Shwarz and the exclusivity of section

7433.  Ross v. United States, No. 06-0963, 2006 WL 3250831, mem. op. at 15 (D.D.C. Nov.

10, 2006).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made

during tax collection activities, a fact which Plaintiff has acknowledged.  (No. 05-1775,

Compl. ¶ 25.)  Plaintiff's unauthorized disclosure claim relates to a notice of federal tax

lien filed with the County Clerk.  Accordingly, Plaintiff's unauthorized disclosure claim

relates to the Service's collection activities.  See Opdahl v. United States, No. 98-0262,

2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (noting that filing notices of liens is a

collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection

activities, this Court lacks subject matter jurisdiction and the claim should be dismissed

under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose

return information was disclosed as part of collection activity, to recover damages

under both sections 7431 and 7433, or to elect the more favorable scheme of relief,

depending on the alleged violation.  Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III.  Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

- 8 -

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit

waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F.

Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F.

Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions

concerning his pursuit of administrative remedies, therefore Plaintiff has not met his

burden in proving exhaustion of administrative remedies.[2]  As a result, Plaintiff has not

adequately met his burden in alleging that the United States has unequivocally waived

its sovereign immunity, therefore this Court does not have jurisdiction over this claim

and should dismiss the complaint.[3]

### IV.  Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or

7433, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P.

12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

---

[2]In his complaint filed under section 7433, Plaintiff claims that he has exhausted all administrative remedies but offers no proof that he has complied with the regulations.  (No. 05-1775, Compl. ¶ 9.)

[3]There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424, F. Supp. 2d 224, 227 (D.D.C. 2006).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987).

The Internal Revenue Code contains a number of specific and several general

exceptions to this rule of non-disclosure.  Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official
> duties relating to any...collection activity...disclose return information to the
> extent that such disclosure is necessary in obtaining information, which is not
> otherwise reasonably available...with respect to the enforcement of any other
> provisions of this title.  Such disclosures shall be made only in such situations
> and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee...in connection with the performance of official
> duties relating to any...collection activity...may disclose return information of any
> taxpayer, to the extent necessary to obtain information relating to such official
> duties, including, but not limited to-
> (vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the
> provisions of the Code relating to establishment of liens against such assets.

- 11 -

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003).  See also 26 C.F.R. § 301.6323(f)-1(a)(1)

(designating proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure

of return information necessary to accomplish collection activities, including the...filing

of notices of federal tax liens, is exempt from the general disclosure prohibition of

Section 6103(a)."  Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal.

Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States,

972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose

tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012,

1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of

tax return information when made in notices of lien.").  In the instant case, it cannot be

disputed that the notice of federal tax lien was filed in connection with the official

duties of the Service in attempting to collect Plaintiff's tax liabilities.  Had the

information not have been disclosed, Plaintiff's creditors would have no way to

discover the existence of the lien.  "Indeed, the purpose of recording the lien...is to place

the public on notice of the lien."  William E. Schrambling Accountancy Corp. v. United

States, 397 F.2d 1485, 1489 (9th Cir. 1991).  The actions of the Service agents in this case

properly fall under the protection of section 6103(k)(6), therefore there can be no

liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the lien at issue was filed "in amounts for which

agent(s) have been unable to produce evidence of lawful assessment."  (Compl. ¶ 5.)

Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy." Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990). See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We…agree with…the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the…contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 19466, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).

At any rate, the Service did in fact make proper assessments against Plaintiff as evidenced by the notice of federal tax lien.  (Compl. ¶ 5, Attachment.)  The assessments recorded and reflected in the notice of federal tax lien constitute admissible evidence of the fact of the assessments.  Fed. R. Evid. 803(15).  See also G.M. Leasing Corp. v. United States, 514 F.2d 935, 941 & n.5 (10th Cir. 1975) (accepting notice of federal tax lien as acceptable proof of assessment), rev'd on other grounds, 429 U.S. 338 (1997); Amber Truck Lines v. United States, 805 F. Supp. 32, 34 (D. Utah 1992) (noting that the certification of an Internal Revenue Service officer of notice and demand on a notice of federal tax lien makes the presumption that notice was made even more compelling).  Additionally, "assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation."  Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997) (internal citations omitted).  Therefore, Plaintiff's claim of invalid assessments is unconvincing, and, in any event, has no relevance to the question of allegedly unauthorized disclosure under section 6103.

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, therefore the complaint should be dismissed.  In the alternative, Plaintiff has not exhausted his administrative remedies under the Code, therefore the complaint should be dismissed.  In the alternative, there has been no violation of section 6103, and Plaintiff's claim of an invalid assessment does not change this result, therefore the complaint should be dismissed.

- 14 -

DATE: January 5, 2007                    Respectfully submitted,

                                          /s/ Nicole M. Stoduto
                                         NICOLE M. STODUTO
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 227
                                         Washington, DC 20044
                                         Telephone: (202) 616-9785
                                         Facsimile: (202) 514-6866
                                         Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEE F. GARVIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-1735-RBW |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Having considered the United States' motion to dismiss, memorandum in support thereof, and any oppositions and replies thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiff's complaint be and is DISMISSED WITH PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____

UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

LEE F. GARVIN
Plaintiff *pro se*
15013 NE 36th Street
Choctaw, OK 73020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEE F. GARVIN                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )        Civil No. 1:06-cv-1735-RBW
                                       )
UNITED STATES                          )
                                       )
                Defendant.             )

NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

1. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

5. Stephen J. and Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Robert Powell v. United States, Civil No. 1:06-cv-1860-RJL

20. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

Indeed, not only are the complaints in these cases nearly identical, but some of the plaintiffs listed above have also filed previous complaints alleging unlawful disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: January 5, 2007                           Respectfully submitted,

                                                 /s/ Nicole M. Stoduto
                                                NICOLE M. STODUTO
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, DC 20044
                                                Telephone: (202) 616-9785
                                                Facsimile: (202) 514-6966
                                                Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEE F. GARVIN                              )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )        Civil No. 1:06-cv-1735-RBW
                                           )
UNITED STATES                              )
                                           )
                Defendant.                 )

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, PROPOSED ORDER, and NOTICE OF RELATED CASES were

caused to be served upon Plaintiff *pro se* on the 5th day of January, 2007, by depositing a

copy in the United States' mail, postage prepaid, addressed as follows:

> LEE F. GARVIN
> Plaintiff *pro se*
> 15013 NE 36th Street
> Choctaw, OK 73020

                                    /s/ Nicole M. Stoduto
                                    NICOLE M. STODUTO